Barnard, P. J.
It was a question for the jury, under the evidence, to determine whether or not the insured premises were outside the shore line of the city of Brooklyn.
The letter of instructions sent by the defendant through Van Valkenburgh to Sedgwick & Hammond limited the agency of that firm to the city of Brooklyn outside of the shore line. By the Higginson map it was within the prohibited district. By the testimony of one witness it was not. Other witnesses gave testimony tending to show that this fine is confined to warehouses only. Some include storage and warehouses; some evidence includes wharf property with storage and warehouses. With words of such general import and intent, by reference to a map or other definite description, and with this evidence, the case must go to a jury and be determined as a doubtful question of fact. The only other question is one of law.
On the 11th of October, 1884, the Van Valkenburgh letter was sent to the insurance agents, Sedgwick & Hammond. In that letter the territory is fixed and the rate of compensation to the agents. This letter contained this clause: “As we are now on all Brooklyn specials of any size that we will write, please do not undertake to write any specials for us at present.” On the "13th of October, 1884, the company wrote directly to the agents, "through their secretary, announcing that they had by mail that day forwarded the “commission of authority” as agents of the company in Brooklyn. The company gave no instructions and referred upon that subject to the Van Valkenburgh letter. The insurance was made 15th or 16th of October, 1884, and the fire took place on the 19th of October, 1884. The risk was special. The general commission was not given in evidence, but from an expression in a letter of Sedgwick & Hammond, on the 21st of October, 1884, the commission itself did not reach them until the 20th of October, 1884. “We never had the power to bind for them until yesterday,” are the words of the letter upon this subject. Neither the Van Valkenburgh letter nor the letter from the company were shown to the plaintiff or his broker.
*574 Upon this statement of evidence, in respect to the extent of the authority of the Brooklyn agents, the court was bound, as matter of law, that the defendants were liable if their agent insured the property, and it was within the territorial limits of the agency. No private instruction of a principal to agents affects one who deals with the agent in ignorance of the special instruction.
The judgment should, therefore, be affirmed, with costs.
Dykman and Cullen, JJ., concur.